# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE LANDFAIR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 3604 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| J.B. HUNT TRANSPORTATION, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Willie Landfair has filed a seventeen-count amended complaint against J.B. Hunt

Transportation, Inc. alleging that it discriminated against him on the basis of his race and age and

harassed and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e-2, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and 42 U.S.C.

§ 1981. The case is before the Court on defendant's motion pursuant to Federal Rule of Civil

Procedure ("Rule") 56(c) for summary judgment.[1]  For the reasons set forth below, the motion is

granted.

## Facts

Plaintiff is a forty-eight-year-old African American.  (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 1.)

Defendant hired plaintiff in July 2002 as a truck driver.  (*Id.* ¶ 19.)  Throughout his tenure with

---

[1] Defendant also asks the Court to strike in whole or in part, plaintiff's LR 56.1(b)(3)(C) Statement because it contains more paragraphs than the Local Rule allows.  Because consideration of the entire statement does not change the outcome of the summary judgment motion, however, the Court strikes defendant's motion to strike as moot.

defendant, plaintiff was assigned to drive for the Home Depot account. (*Id.*) Defendant contends that plaintiff violated its policies and safety regulations almost continually from March 2003 until he was terminated in July 2004. Plaintiff admits to having committed a number of infractions, but he contends that defendant's real reasons for disciplining, terminating and otherwise treating him less favorably than other drivers were his age, race and complaints of discrimination.

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

In fifteen of the seventeen counts of the amended complaint, plaintiff alleges that defendant violated Title VII, the ADEA and/or section 1981 by denying him more lucrative store assignments (Counts I-III), imposing various forms of discipline on him (Counts IV-IX), discharging him (Counts XIII-XIV), and failing to rehire him because of his race (Count XVI) (collectively, "disparate treatment claims"), and harassing, discharging and refusing to rehire him in retaliation for his complaints of discrimination (Counts XII, XV and XVII) (collectively, "retaliation claims"). Title VII and the ADEA prohibit employers from discriminating against employees with respect to the terms or

2

conditions of their employment because of their race or age and from retaliating against them for their complaints of discrimination. 42 U.S.C. § 2000e-2(a)(1), 3(a); 29 U.S.C. § 623(a), (d). Section 1981 prohibits employers from discriminating against African Americans with respect to making and enforcing contracts. 42 U.S.C. § 1981(a). Though they prohibit different kinds of discrimination, the same analysis is applied to claims brought under all three statutes. *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1061 n.4 (7th Cir. 2003).

Plaintiff can defeat defendant's motion on his disparate treatment and retaliation claims either by presenting direct or circumstantial evidence of discriminatory or retaliatory intent, the so-called direct method of proof, or by employing the indirect, burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 678 (7th Cir. 2005) (retaliation); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 272 (7th Cir. 2004) (discrimination). Plaintiff has no direct evidence of discrimination or retaliation, so we will analyze his claims under the burden-shifting method. This method requires plaintiff first to establish a *prima facie* case of discrimination or retaliation by providing evidence that: (1) he is a member of a protected class or engaged in statutorily protected activity; (2) he was meeting defendant's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) defendant treated him less favorably than a person who is outside of the protected class or did not engage in statutorily-protected activity. *Racicot*, 414 at 678 (retaliation); *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 806 (7th Cir. 1999) (discrimination). If plaintiff makes a *prima facie* case, the burden shifts to defendant to offer a legitimate, nondiscriminatory reason for its actions. *Vakharia*, 190 F.3d at 806. If defendant does so, the burden shifts back to plaintiff to present evidence that the proffered reasons are pretextual. *Id.* at 807. "A plaintiff does not reach the pretext stage, however, unless he first

3

establishes a *prima facie* case of discrimination under the indirect method. *Cerutti*, 349 F.3d at 1061.

Plaintiff has not made a *prima facie* case as to any of his disparate impact or retaliation claims because he has no evidence that a similarly situated person who is outside of the protected class or did not engage in protected activity was treated more favorably. Plaintiff asserts that Ken Burgess and Scott Bellamy – younger, white drivers – are similarly situated to him but received better assignments from and were not disciplined or terminated and were rehired by defendant, but he offers no evidence to support those assertions. Absent factual support, plaintiff's belief that Burgess and Bellamy were situated similarly to him but were treated more favorably is not sufficient to defeat defendant's motion. *See Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.").

The lack of evidence on the similarly situated element is not the only problem with these claims. Plaintiff also has no facts to support the third element of the *prima facie* case, that he was meeting defendant's legitimate expectations. It is undisputed that plaintiff received a copy of defendant's Home Depot Pro contractor driver's manual (Landfair Dep. at 69, 147; Landfair Dep. Exs. 5 & 24), which says:

> When not in use, the truck should always be at the Home Depot designated truck parking only. Trucks are not authorized to be taken home.
>
> Each driver is required to fill out and turn in a DVCR (Driver Vehicle Condition Report) daily.
>
> All loads, no exceptions, are to be delivered in a dry, and damage free condition. Any failure to do so could be considered as grounds for disciplinary action up to and including termination.
>
> The responsibility for load securement lies solely with the driver and should be handled with extreme care.

After two accidents within a one year period, or one DOT preventable accident, the driver will be on probation for one year. If the driver has any other accidents during that year, he/she may be removed from the dedicated account. Attendance at Monthly Safety Meetings are [sic] Mandatory.

After two log write-ups within a one year period, a driver will be subject to termination.

(Landfair Dep. Ex. 24 at 9-10, 14, 16 (emphasis omitted).)

Moreover, the record shows that plaintiff continually failed to comply with these expectations. He admits that: (1) in March 2003, his forklift got stuck in a customer's backyard (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 33); (2) in April 2003, his load fell off of his truck because he had not secured it properly (*id.* ¶ 33); (3) in July 2003, a pallet toppled to the ground and damaged some doors during one of his deliveries (Landfair Dep. at 89); (4) the same month, he hit the control box of a customer's garage with his forklift (*id.* at 89-90); (5) in September 2003, he missed a monthly safety meeting (*id.* at 95-96); (6) the same month, he made a quick stop, causing his load to shift and damaging a case of tile (*id.* at 96); (7) in February 2004, his supervisors told him that they expected his driving record to improve (*id.* at 100-02); (8) in March 2004, he had three accidents: (a) he ran over a curb, flattening a tire and bending the rim; (b) he clipped a fire hydrant, damaging the hydrant and his truck; and (c) he failed to secure his load, causing several windows in his shipment to shatter (*id.* at 107-09, 115); (9) in March 2004, he parked his truck overnight at the hotel in which he was living before getting permission to do so (*id.* at 126-27); (10) on May 9, 2004, he did not report to work (*id.* at 151, 154); (11) in July 2004, his supervisor discovered that he had not turned in any DVCRs for three months (Seaberry Dep. at 49-50); and (12) the same month, his supervisor was told that he had not reported to the store to which he had been dispatched (*id.* at 56-58). Absent evidence that suggests defendant routinely disregarded these kinds of infractions, which plaintiff has not provided, he cannot satisfy the third element of the *prima facie* case.

5

Plaintiff's failure to make a *prima facie* case of discrimination or retaliation dooms his disparate impact and retaliation claims. Defendant's motion for summary judgment on Counts I-IX, XII-XVII of his amended complaint is, therefore, granted.

Plaintiff fares no better with Counts X and XI, in which he alleges that defendant harassed him because of his age and race. To defeat defendant's motion on these claims, plaintiff must offer evidence that:

> (1) he was subject to unwelcome harassment; (2) the harassment was based on his race [or age]; (3) the harassment was severe or pervasive so as to alter the conditions of [his] work environment by creating a hostile or abusive situation; and (4) there is a basis for employer liability.

*See Smith v. N.E. Ill. Univ.*, 388 F.3d 559, 566 (7th Cir. 2004) (quotation omitted). The harassment plaintiff alleges is defendant's imposition of disciplinary action against him on July 13, and 14, 2004. (*See* Am. Compl. Counts X and XI.)

Even if defendant took the disciplinary action to harass plaintiff, a conclusion the record does not support, plaintiff's claims would still fail because the harassment was not severe or pervasive. To be actionable, the alleged harassment must be both subjectively and objectively abusive. *Racicot*, 414 F.3d at 677. "In evaluating the objective offensiveness of a plaintiff's work environment, we consider all of the circumstances, including frequency and severity of the conduct, whether it is humiliating or physically threatening, and whether it unreasonably interferes with an employee's work performance." *Id.* at 677-78. The fact that plaintiff received two disciplinary reports – even unfounded ones – over a two-day period does not make his workplace objectively hostile. *See Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1013 (7th Cir. 1997) (stating that only a "hellish" workplace is actionable (quotation omitted)).

6

Moreover, even if the disciplinary reports had created an objectively hostile environment, plaintiff's claim would still fail because he has no evidence that the "harassment" was motivated by his age or race. Without such evidence, plaintiff cannot defeat defendant's motion. *See Slowiak*, 987 F.2d at 1295 (factual support is required to defeat summary judgment motion).

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact as to any of the claims plaintiff asserts against defendant, and defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment [doc. no. 49] is, therefore, granted. Defendant's motion to strike [doc. no. 59] is stricken as moot. This case is terminated.

**SO ORDERED.**                    **ENTER:** 1/30/07

HON. RONALD A. GUZMAN
**United States District Judge**